UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

| | |
|---|---|
| EXPRESS HOMEBUYERS USA, LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WBH MARKETING, INC. | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**EXPRESS HOMEBUYERS USA, LLC'S EMERGENCY MOTION TO ENFORCE SUBPOENA AND TO COMPEL WITH INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION AND RELIEF REQUESTED**

Plaintiff Express Homebuyers USA, LLC ("EHB") respectfully moves on an expedited and emergency basis to compel non-party Howard Gordon ("Mr. Gordon") to produce all documents responsive to a Subpoena Duces Tecum (the "Subpoena")[1] that was validly served on him on December 8, 2017.[2]  Specifically, (1) Mr. Gordon waived all objections to the Subpoena; (2) alternatively, Mr. Gordon waived the attorney-client privilege with respect to a subset of documents referenced in a late-produced privilege log[3]; or, (3) even if there was no waiver, the privilege log generated by Mr. Gordon's counsel confirms that many documents have been

---

[1] The Subpoena is attached hereto as **Exhibit 1**.

[2] *See* Affidavit of Service attached hereto as **Exhibit 2**.

[3] The privilege log is attached hereto as **Exhibit 3**.  EHB has requested that the privilege log be filed under seal in light of Mr. Gordon's counsel's blanket designation of Mr. Gordon's entire production to be considered "highly confidential."  EHB has not agreed to that designation, but has afforded Mr. Gordon's counsel additional time to make good faith designations.  Out of an abundance of caution, this motion, and certain exhibits (Exhibits 3, 12, and 13) are being filed under seal.  A redacted form of this motion will be filed on the public docket.

**DUANE MORRIS LLP**
200 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

improperly withheld on the basis of some unidentified privilege. EHB therefore requests the following relief:

- that this matter be considered as an emergency and ruled upon on an expedited basis because discovery in the underlying action, pending in the Eastern District of Virginia, closes on February 8, 2018;

- that this Court permit the filing of an unredacted version of this motion to compel as well as Exhibits 3, 12, and 13 under seal pursuant to a protective order filed in the United States District Court, Eastern District of Virginia[4];

- that Mr. Gordon be compelled to produce (a) all documents improperly withheld on the basis of privilege, or alternatively, (b) the subset of documents to which no privilege attaches or those improperly designated as protected by some unidentified privilege; and

- that Mr. Gordon be compelled to sit for a deposition of not more than three hours so that EHB may properly examine him on the wrongfully withheld documents.

## MEET AND CONFER

EHB conferred with Mr. Gordon's counsel by way of email communications on January 5 and January 6, 2018 and by letter dated January 19, 2018. The January 19 letter is attached hereto as **Exhibit 4**. On January 22, Mr. Gordon's counsel stated that he would contact EHB's counsel regarding the privilege issues set forth in the January 19 letter and that are set forth below. That same day, EHB's counsel requested a response by the close of business on January 23. However, Mr. Gordon's counsel has not responded to the issues raised in EHB's January 19 letter. EHB has acted expeditiously and in good faith to resolve the issues raised herein. Those efforts were not successful, thereby requiring this motion to compel.

---

[4] EHB is separately filing a Motion to Seal. Such materials have been redacted in this Motion pending the Court's ruling on the Motion. Likewise, Exhibits 3, 12, and 13 have not been filed as those documents could arguably be considered "highly confidential" at this point in light of Mr. Gordon's counsel's blanket confidentiality designation.

## BACKGROUND

EHB is the plaintiff in an action to cancel the trademarks "we buy houses" and webuyhouses.com. That action is pending in the United States District Court, Eastern District of Virginia, which is captioned as: *Express Homebuyers USA, LLC v. WBH Marketing, Inc.*, Civ. Action No. 1:17-cv-736-TSE-IDD (the "Trademark Action"). One of EHB's allegations is that the trademarks "we buy houses" and webuyhouses.com were registered as a result of fraudulent representations made to the PTO by, among other individuals, Mr. Gordon. Discovery has indeed confirmed that Mr. Gordon, and at least one other declarant, made false representations to the PTO or, at the very least, made misleading statements and otherwise omitted material facts from their submissions to the PTO.

After being served with the Subpoena on December 8, 2017, Mr. Gordon did not respond in any way until EHB's attorneys contacted him on December 29—three weeks after being properly served—to schedule his deposition. *See* **Exh. 5**. Mr. Gordon responded that day and stated that he could not be deposed on the originally-noticed date (January 11), and advised that he was represented by counsel—John C. Malloy, Esq.—in connection with the Subpoena. *See* **Exh. 6.** Mr. Gordon further stated: "I do have documents to turn over to you." *See* **Exh. 15.** At that time, Mr. Gordon did not object to producing a single document, nor did he indicate that he wanted to review those documents with counsel to determine whether any privilege applied. *See* **Exhs. 6, 15**.

Similarly, Mr. Gordon's counsel did not lodge any objections to the Subpoena in his initial communication with EHB counsel, and he did not assert any privilege when EHB's counsel first contacted him. On January 4, almost one month after the subpoena was served, Mr. Gordon's

counsel represented that he had no knowledge whether Mr. Gordon would produce any documents. *See* **Exh. 7**. The next day (January 5), Mr. Gordon's attorney informed EHB's counsel that Mr. Gordon had "dusty boxes of documents to produce." *See* **Exh. 8**. He further stated that he would unilaterally remove from that production any documents he deemed to be privileged without providing a log or any objections based on privilege. *Id.*[5] Mr. Gordon's counsel further requested EHB's consent to read a privilege log into the record. *Id.* EHB's counsel, however, did not consent to that request, but offered to provide Mr. Gordon additional time to review and produce documents. *See* **Exh. 9**. Mr. Gordon, however, declined that additional time and insisted (without any explanation) that his deposition take place on January 9. *See* **Exh. 10**. At that point, EHB informed Mr. Gordon's counsel that Mr. Gordon waived all objections—including privilege—under Rule 45.[6] *See* **Exh. 11**.

### REQUEST FOR EXPEDITED AND EMERGENCY TREATMENT

EHB requests expedited and emergency treatment because the discovery deadline in the Trademark Action is fast-approaching. As set forth above, the Trademark Action is pending in the Eastern District of Virginia, a Court that is commonly referred to in legal circles as having a "rocket docket." Originally, the discovery deadline in the Trademark Action was January 12, 2018. *See* ECF No. 24.[7] On December 1, 2017, the parties jointly requested that the discovery deadlines be extended by six weeks (or until February 23). ECF No. 32. The court denied that

---

[5] Mr. Gordon also requested that his entire production be deemed "highly confidential—attorney's eyes only" under the Protective Order filed in the Trademark Action. EHB has not agreed to such an improper blanket designation because the designations violate the terms of the Protective Order. However, those designations are not the subject of this motion.

[6] EHB issued an amended Subpoena to reflect the January 9 date that Mr. Gordon's counsel (and WBH) insisted upon. *See* **Exh. 16**.

[7] References to "ECF No." are to the entries on the public docket in the Trademark Action.

request, in part, and extended discovery by only nineteen days.  *See* ECF No. 33.  The Court subsequently granted a second short extension of the discovery deadline to February 8 upon the parties' joint motion.  *See* ECF No. 37.  It is unlikely that the court will grant a third extension request.

Moreover, and as set forth below, EHB is requesting that this Court direct Mr. Gordon to sit for a deposition before the February 8 discovery end date.  Between the date of this filing, and the discovery end date, the parties in the Trademark Action intend to take roughly five other depositions (both fact witnesses and experts).  Thus, Mr. Gordon's continued deposition must be scheduled and taken within the limited time remaining for discovery in the Trademark Action.

## ARGUMENT

**I.    MR. GORDON WAIVED ALL OBJECTIONS TO THE SUBPOENA**.

All documents appearing on Mr. Gordon's privilege log (*see* **Exh. 3**) should be produced because Mr. Gordon waived any privilege objections to the Subpoena.  The Federal Rules are clear in that regard.  Rule 45 states:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. ***The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served***.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).  It is well-settled that failure to timely assert an objection to a Subpoena waives all objections, including objections for privilege. *See Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ, 2017 WL 5905191, at *4 (S.D. Fla. Nov. 29, 2017) ("The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely

motion to quash."); *Moore v. Shapiro & Burson, LLP*, No. 3:14cv832, 2015 WL 6674709, at *1 (E.D. Va. Oct. 29, 2015) (denying non-party's motion to quash subpoena because "objections to Plaintiffs' subpoena were not timely filed under Rule 45(d)(2) of the Federal Rules of Civil Procedure"); *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996) ("a party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)"); *Ravenswood Investment Co., L.P. v. Avalon Correctional Servs., Inc.*, No. CIV-09-70, 2010 WL 11443364, at *2 (W.D. Okla. May 18, 2010) ("Because Defendant did not state its claim of privilege within fourteen days of service of the subpoena on [its accountants], the Court concludes Defendant has waived any such claim.") (quoting *Tuite*, 98 F.3d at 1416; citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998)); *Universal City Dev. Ptnrs, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) (finding that defendant "waived the attorney-client privilege" where it "failed to make a timely objection to the subpoena"); *cf.* Andrews v. CSX Transportation, Inc., Case No. 3:06-cv-704-J-32HTS, 2009 WL 10670852, at *2 (M.D. Fla. Jan. 7, 2009) (finding plaintiffs "waived their objections to the document requests contained in the subpoenas" by failing to file a timely objection or motion for a protective order).

 Here, there is no dispute that Mr. Gordon waived any objections to the Subpoena. The Subpoena was served on Mr. Gordon on December 8, and he failed to object or respond in any way. It was not until EHB's counsel contacted him to confirm his deposition date that he stated he had documents to produce and that he had retained an attorney. At no time did Mr. Gordon object or express concern about producing any documents. And, when his attorney contacted EHB's counsel, he did not initially assert any privilege objection, and he did not request additional time to review and respond to the Subpoena.

Mr. Gordon's attorney has stated on several occasions that Mr. Gordon is elderly and has health issues. EHB certainly respects and accepts that representation. But at no time did either Mr. Gordon, or his counsel, object to the Subpoena on the basis of any undue burden imposed by Mr. Gordon's alleged age and health issues. In fact, Mr. Gordon's counsel declined EHB's invitation for more time to review documents. That strategic decision had consequences. Mr. Gordon and his counsel cannot have it both ways. They cannot insist on a rushed deposition, but then delay objecting and asserting a privilege until days after that deposition and long after the Subpoena was served.

## II.   EVEN IF MR. GORDON DID NOT WAIVE PRIVILEGE AS TO ALL DOCUMENTS ON HIS PRIVILEGE LOG, A SUBSET OF THOSE DOCUMENTS SHOULD BE PRODUCED BECAUSE MR. GORDON WAIVED PRIVILEGE AS TO THOSE DOCUMENTS.

If Mr. Gordon did not waive his privilege objections as to all documents, he certainly did with respect to a subset of documents that appear on the privilege log. ███████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████

However, these facts were confirmed by Mr. Gordon's business partner Martin Price, who recently testified that Mr. Gordon disclosed his attorney's advice in connection with the sworn declaration (that, incidentally, contained false statements) that Mr. Price was instructed to sign. **Exh. 14** (Price

dep.), at 137-38, 203-04, 217-18, 220-21.  It is well-established that where, as here, a client discloses to third parties legal advice obtained from counsel, the client has waived the attorney-client privilege and must produce documents related to that advice. *See Int'l Tel. & Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177, 185 (M.D. Fla. 1973) ("If the client chooses to disclose secrets within the privilege, then he waives it and cannot later insist upon his or his attorney's silence based upon the privilege."); Nwabeke v. Torso Tiger, Inc., No. 6:04CV410-ORL-18KRS, 2007 WL 1222517, at *4 (M.D. Fla. Apr. 24, 2007) (finding any privilege waived as a result of party's disclosure of the communications in support of a motion, and the party "will be required to disclose" the communication); *Slim-Fast Foods Co. v. Brockmeyer*, 627 So. 2d 104, 106 n.4 (Fla. Dist. Ct. App. 1993) (explaining that holders of a privilege "may waive protection by voluntary disclosure of privileged information to third parties"); Fla. Stat. Ann. § 90.507 ("A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person, or the person's predecessor while holder of the privilege, voluntarily discloses . . .any significant part of the matter or communication.").  Accordingly, Mr. Gordon should be ordered to produce the following documents listed on his privilege log (**Exh. 3**): Attorney Client Folder – John Malloy:  16-23 and 67-79.

### III. EVEN IF MR. GORDON HAS NOT WAIVED PRIVILEGE, MR. GORDON IS IMPROPERLY WITHHOLDING DOCUMENTS.

Even if Mr. Gordon's objections were properly preserved, many documents are being improperly withheld, as made clear by the privilege log he served after his deposition.

First, the privilege log itself is deficient and not in accordance with the local rules because it fails to indicate the nature of the privilege asserted.  *See* S.D. Fla. L. R. 26.1(e)(2)(B); *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584 (S.D. Fla. 2013)

(explaining that Federal courts applying Florida law as to privilege "have rejected blanket claims of attorney-client privilege and have required that specific detail as to the content of documents and their authors and recipients be provided"); *CSX Transp. Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *3 (M.D. Fla. July 20, 1995) (finding privilege log inadequate where it contained conclusory statements and only general descriptions).  Rather, the privilege log simply lists documents contained in various "Attorney Client" Folders.  The relationship with Mr. Gordon and counsel is not described, nor is the nature of the privilege he purports to assert.  It is axiomatic that the attorney-client privilege and work product doctrine do not extend to underlying facts.  *Geico Cas. Co. v. Beauford*, No. 805-CV-697-24EAJ, 2006 WL 2789013, at *6 (M.D. Fla. Sept. 26, 2006) ("The work product privilege only protects documents and tangible things that might reveal the attorney's thought process, but it does not protect the underlying facts obtained through trial preparation."); *In re Alexander Grant & Co. Litig.*, 110 F.R.D. 545, 548 (S.D. Fla. 1986) ("the attorney-client privilege does not protect disclosure of underlying facts").  Thus, just because documents may be in a so-called "attorney folder" does not render those documents automatically privileged.

Second, several documents listed on the privilege log are clearly non-privileged and should be produced immediately.  Several entries in Mr. Gordon's privilege log describe documents that, on their face, were communicated between and among business people and do not implicate any sort of attorney-client communication or attorney work product.  Specifically, documents identified by the following numbers fail to indicate any applicable privilege (**Exh. 3**):  Attorney Client Folder – Other Counsel: 18, 19, 21, 23; Attorney Client Folder – Stephen Kolski: 2, 13, 18, 20, 22, 24, 25, 27, 29, 32, 33; Attorney Client Folder – John Malloy: 26, 27, 67, 68, 70, 72, 73, 77, 79.

<u>Third</u>, to the extent Mr. Gordon asserts an attorney-client or work product privilege (again, the nature of the privilege asserted is not identified), certain documents include communications with third parties who, based on Mr. Gordon's counsel's representations to EHB's attorneys, are not clients of any identified attorneys. *See, e.g.*, *Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 598 (M.D. Fla. 2002) (citing Fla. Stat. § 90.502 (1) (c) and explaining that "[u]nder Florida law, information is protected from disclosure by the attorney-client privilege when it is a communication between a lawyer and client not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of legal services, or those reasonably necessary for the transmission of the communication.").

Therefore, the following documents should be produced immediately (**Exh. 3**): <u>Attorney Client Folder – Other Counsel</u>: 1, 10, 11, 12, 14, 20; <u>Attorney Client Folder – Stephen Kolski</u>: 3, 4, 6, 7, 8, 17, 52 (no attorney is identified); <u>Attorney Client Folder – John Malloy</u>: 83.

### IV. MR. GORDON SHOULD BE COMPELLED TO SIT FOR DEPOSITION SO THAT EHB HAS A FAIR AND ADEQUATE OPPORTUNITY TO EXAMINE HIM ON THE WRONGFULLY WITHHELD DOCUMENTS.

When Mr. Gordon was deposed on January 9, 2018, EHB counsel went through the three boxes of documents that Mr. Gordon brought to the deposition to determine which documents to use. However, Mr. Gordon's counsel had already removed from the boxes the documents referenced in this motion, thereby preventing EHB from having a full and fair opportunity to examine Mr. Gordon. Accordingly, EHB respectfully requests that the Court order Mr. Gordon to sit for deposition so that counsel can examine Mr. Gordon regarding the documents that were wrongfully withheld. EHB agrees to limit that deposition to three hours. *See, e.g.*, <u>Nwabeke</u>, 2007 WL 1222517 at *4 (granting motion to compel party to disclose document previously alleged to be protected by attorney-client privilege, and to "appear at a reopened deposition to answer the

questions to which he previously asserted the attorney-client privilege"); *SE Prop. Holdings, LLC v. GulfSouth Private Bank*, No. 3:13CV6/MCR/CJK, 2015 WL 12868077, at *3 (N.D. Fla. Feb. 27, 2015) (granting motion to compel the production of documents alleged to be privileged, and allowing additional deposition time to cover the documents ordered to be produced).

## CONCLUSION

For the foregoing reasons, this Court should grant, on an expedited[8] basis, Express Homebuyers USA, LLC's emergency motion to compel and order Mr. Gordon to produce all documents in his possession in response to the Subpoena. In the alternative, this Court should order production of the documents identified in the above-referenced categories and order Mr. Gordon to sit for deposition so that counsel has a full and fair opportunity to examine Mr. Gordon on the wrongfully withheld documents. As set forth above, EHB and Mr. Gordon's counsel have attempted to meet and confer on privilege issues raised in this motion.

## L.R. 7.1(A)(3) CERTIFICATION

Counsel for Express Homebuyers USA, LLC, certifies that his firm has conferred with counsel for Howard Gordon in a good faith effort to resolve the issues raised in this motion and, as described above, has been unable to do so.

---

[8] Undersigned counsel has certified that this matter is a true emergency. Attached hereto as **Exh. 17** is a Certification of Emergency.

Dated:  January 25, 2018

                                                        **DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone:  305.960.2200
Facsimile:  305.397.1874


/s/ Harvey W. Gurland, Jr.
Harvey W. Gurland, Jr.
Florida Bar No. 284033
HWGurland@duanemorris.com
pnmendoza@duanemorris.com
nmcastillo@duanemorris.com

-and-

John J. Zefutie, Jr., Esq.
(*pro hac vice* to be filed)
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102-5429
Tel: 973.424.2039
Fax: 973.556.1499
jjzefutie@duanemorris.com

*Counsel for Express Homebuyers USA, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic mail, this 25th day of January, 2018, on all counsel or parties of record on the Service List below.

                                                        /s/ Harvey W. Gurland, Jr.
                                                        Harvey W. Gurland, Jr.

## SERVICE LIST

Joshua Counts Cumby, Esq.
Damon W.D. Wright, Esq.
Venable LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
dwdwright@venable.com
jccumby@venable.com
*Counsel for WBH Marketing, Inc.*

John Cyril Malloy III
Malloy & Malloy, P.L.
2800 SW 3rd Avenue
Miami, Florida 33129
jcmalloy@malloylaw.com
*Counsel for Howard Gordon*